# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL, | DOCKET NUMBER |
|       Petitioner, | CB-1208-16-0028-U-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: September 30, 2016 |
|       Agency. | |

## THIS STAY ORDER IS NONPRECEDENTIAL*

<u>Paul David Metcalf, Jr.</u>, Esquire, and <u>Sarah Black</u>, Esquire, Washington, D.C., for the petitioner.

<u>Jill A. Weissman</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman

### ORDER ON STAY REQUEST

¶1     Pursuant to 5 U.S.C. § 1214(b)(1)(A)(i), the Office of Special Counsel (OSC) requests a 45-day stay of the agency's appointment of two unnamed individuals to Assistant Director positions in the International Criminal Investigative Training Assistance Program (ICITAP) while OSC completes its

---

* A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

investigation and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

## BACKGROUND

¶2      In its September 28, 2016 stay request, OSC alleges that it has reasonable grounds to believe that the agency's impending appointment of two individuals to Assistant Director positons in ICITAP would violate 5 U.S.C. § 2302(b)(6). OSC alleges that, in April 2015, the agency issued vacancy announcements for two GS-15 Assistant Director positions in ICITAP. For both vacancy announcements, the agency advertised under its delegated examining authority (DEU) and merit promotion procedures. Veteran A and Veteran B applied for both positions. It appears that they were afforded their statutory right to compete under 5 U.S.C. § 3304(f) for the merit promotion announcement, and they were both afforded their veterans preference points in the DEU announcement. The agency rated both veterans "Best Qualified" and referred them for selection under both the DEU and merit promotion announcements. Both were interviewed.

¶3      Less than a week later, according to OSC, ICITAP officials met with Veteran A and Veteran B individually and told them both that the highest-ranked candidate was a nonveteran who could not be hired unless Veteran A and Veteran B withdrew from competition. ICITAP officials suggested that the two candidates weigh their options and confer with each other, but, ultimately, they did not withdraw from competition. ICITAP attempted to hire its preferred candidate anyway, but was prevented from doing so by human resources officials. The agency eventually canceled the vacancy announcements without making a selection. In December 2015, OSC notified the agency that it was investigating whether prohibited personnel practices had occurred in connection with the Assistant Director positions.

¶4      While OSC's investigation was ongoing, in June 2016, the agency readvertised both positions under both DEU and merit promotion procedures. In

the 2015 advertisements, command level law enforcement experience had been one of the various factors the agency used to rank applicants. The 2016 announcements, however, had been rewritten so that command level law enforcement experience was a minimum qualification required for the positon.

¶5    Veteran A and Veteran B applied for the positions but were found unqualified because they lacked command level law enforcement experience. In fact, no veterans who applied for the positions in 2016 were found qualified. OSC informed the agency that it was investigating the 2016 hiring process for possible prohibited personnel practices, and the parties reached an informal agreement that the agency would not fill the positions until OSC had "adequately investigated." OSC represents that the agency recently repudiated the agreement and announced its intent to move forward with the appointments.

## ANALYSIS

¶6    Under 5 U.S.C. § 1214(b)(1)(A)(i), OSC may request that any member of the Merit Systems Protection Board order a stay of any personnel action for 45 days if OSC determines that there are reasonable grounds to believe that the personal action was taken, or is to be taken, as a result of a prohibited personnel practice. Such a request shall be granted unless the Board member determines that, under the facts and circumstances involved, such a stay would not be appropriate. 5 U.S.C. § 1214(b)(1)(A)(ii). OSC's stay request need only fall within the range of rationality to be granted, and the facts must be reviewed in the light most favorable to a finding of reasonable grounds to believe that a prohibited personnel practice was (or will be) committed. *Special Counsel ex rel. Aran v. Department of Homeland Security*, 115 M.S.P.R. 6, ¶ 9 (2010).

¶7    The prohibited personnel practice at issue here is set forth at 5 U.S.C. § 2302(b)(6), which provides that it is a prohibited personnel practice to:

> [G]rant any preference or advantage not authorized by law, rule, or regulation to any employee or applicant for employment (including defining the scope or manner of competition or the requirements for

any position) for the purpose of improving or injuring the prospects of any particular person for employment[.]

As OSC correctly states in its stay request, to prove a violation of 5 U.S.C. § 2302(b)(6), the petitioning party must show: (1) the relevant management official had the authority to take personnel actions; (2) the official granted a preference or advantage not authorized by law, rule, or regulation; and (3) the official granted the preference to a particular individual with the purpose of improving his prospects for employment. *See Special Counsel v. Byrd*, 59 M.S.P.R. 561, 570 (1993), *aff'd*, 39 F.3d 1196 (Fed. Cir. 1994) (Table).

¶8        Based on the evidence amassed so far, OSC contends that the relevant managers had the authority to take personnel actions. OSC further contends that it has reasonable grounds to believe that ICITAP managers granted an unauthorized preference or advantage to their preferred nonveteran candidate when they attempted to manipulate the hiring process in 2015 as described above, and when they restructured the vacancy announcement in 2016 in such a way that gave an advantage to their preferred nonveteran candidate and excluded otherwise qualified veterans.

¶9        Thus, given the assertions made by OSC in its stay request, I find that there are reasonable grounds to believe that the agency violated 5 U.S.C. § 2302(b)(6) when it attempted to influence Veteran A and Veteran B to withdraw their applications for the 2015 announcements, when it attempted to hire its preferred candidate over "best-qualified" veteran candidates, and when it rewrote the minimum qualification standards for the position to favor its preferred candidate and exclude veterans who had previously been higher-rated candidates.

## ORDER

¶10       Based on the foregoing, I conclude that granting OSC's stay request would be appropriate. Accordingly, a 45-day stay of the agency's impending appointments to fill the two Assistant Director vacancies in ICITAP is

GRANTED. The stay shall be in effect from September 30, 2016, through and including November 14, 2016. It is further ORDERED that:

1) In the event that the agency has already made selections for the position, the natural and foreseeable consequences of the selection and appointment process are STAYED, including but not limited to setting salary and benefits, negotiating start dates, completing pre-appointment documents, and allowing the selectees to perform the duties of the positions.

2) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

3) Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with evidentiary support, on or before October 28, 2016. 5 C.F.R. § 1201.136(b). Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, on or before November 4, 2016.


FOR THE BOARD:             _____
                                               Jennifer Everling
                                               Acting Clerk of the Board

Washington, D.C.